## BELL v. FEDERAL LAND BANK OF HOUSTON.

### No. 10612.

Court of Civil Appeals of Texas. Galveston.

June 23, 1938.

Rehearing Denied July 21, 1938.

Abney & Caven, of Marshall, for appellant.

Carl Runge, J. V. Wheat, and A. M. Fossler, all of Houston, for appellee.

GRAVES, Justice.

The 11th District Court of Harris County overruled the separate pleas of privilege of Emma Mae Bell, individually, and as administratrix of the estate of her deceased husband, S. H. Bell, to be sued in this cause in Harrison County, as the one of her residence, rather than in Harris County, where the venue thereof was laid.

She appeals from the order only in so far as it affected her individually.

The judgment of the learned trial court in the matter will be affirmed, mainly upon these considerations:

The suit was brought by the appellee in Harris County against the appellant as such administratrix upon a note secured by a deed of trust upon Harris County lands given it by such deceased husband, the obligations of both instruments being expressly performable in that county, to which the appellant in her individual capacity, and a number of others—inclusive of the Humble Pipe Line Company, a resident of that county—were made parties; its objectives were a judgment against the appellant in her stated representative capacity, as well as a foreclosure against her in both capacities, along with all the other parties, under averments that she individually and they were setting up some claim to the property inferior to its alleged lien thereon.

The proof upon the hearing showed that the note and deed of trust sued upon had been so given, that the appellee was the owner and holder of both documents, that both were made expressly performable by their terms in Harris County, that the land was located there, that appellant was claiming a homestead-interest therein as being vested in herself individually and entitling her to be sued thereon in the county of her residence as against appellee's foreclosure cause-of-action, and that the appellee had a cause-of-action for such foreclosure against the Humble Pipe Line Company, which in fact resided in Harris County.

The presence of these averments and this proof, in the opinion of this court, as against what is the gist of appellant's contention—that the appellee had the burden below, under subdivision 4 of R.S. Article 1995, of showing that appellant individual-

ly was either a proper or necessary party to the appellee's foreclosure proceeding—brought the cause squarely under these very recent holdings to the contrary: Sampson v. Gandy, Tex.Civ.App., 116 S.W.2d 767; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Monte Oil Co. v. McFall, Tex.Civ.App., 114 S.W.2d 596.

Without further discussion the judgment will be affirmed.

Affirmed.

PLEASANTS, C. J., absent.

On Motion for Rehearing.

GRAVES, Justice.

Appellant's motion for rehearing helpfully calls attention to the inadvertent recitation in two places in this court's original opinion that the lands referred to in the note and deed of trust here involved lay in Harris County; it should have recited that they were in Harrison County.

The motion then itself errs in assuming that the situs of the land—so by a mere slip of the pen erroneously stated—had anything to do with the rationale either of that opinion or of the decision it evidenced; basing a further ill-grounded presumption upon that unsound premise, it proceeds to ably and earnestly urge that, since the lands sought to be foreclosed upon in the suit are in fact situated in Harrison County rather than in Harris County, subdivision 14 of R.S. Article 1995 mandatorily required the removal of the cause to such county in which the lands are situated.

The well-nigh obvious vice in this position is twofold:

(1) As indicated supra, the appellee's suit having merely been one for the foreclosure of a deed of trust lien—and not in any sense either one to recover an interest in land, or seeking the cancellation of a right-of-way contract—the location of the land had nothing to do with the venue-facts held to have been determinative in this instance, under the authority of Sampson v. Gandy, Tex.Civ.App., 116 S.W.2d 767; it would serve no useful purpose to again detail those facts here, since they were given originally, and the rule of law applicable to them is plainly stated at page 772 of the Gandy opinion.

(2) As just recited, this cause in no sense involved either an action to recover an interest in land, or to cancel a right-of-

way contract, wherefore it did not come within the purview of the invoked subdivision 14 of Article 1995.

The motion for rehearing will be overruled.

Overruled.

PLEASANTS, C. J., absent.