**O. P. LEONARD, Appellant,**

v.

**W. H. CARTER, Appellee.**

No. 16620.

Court of Civil Appeals of Texas.

Fort Worth.

March 26, 1965.

Rehearing Denied April 23, 1965.

Garrett, Hodges & Stahala, T. J. Haire, Jr., and Robert Stahala, Fort Worth, for appellant.

Worsham, Forsythe & Woodburn and Jos. Irion Worsham, Dallas, Rawlings, Sayers, Scurlock & Eidson and Nelson Scurlock, Fort Worth, for appellee.

MASSEY, Chief Justice.

In this case our holding is that where one has parted with land, or an interest therein, which he seeks to recover by attacking and seeking to avoid the contract under which he lost title, his suit is one for the recovery of land;—and if the contract is filed of record and for that reason would cloud his title (in the event he should show he was entitled thereto), his suit would furthermore be one to remove an incumbrance upon the title to land.

The case reaches us as an appeal from an order overruling the defendant's plea of privilege. W. H. Carter brought suit against O. P. Leonard in Young County and the latter filed his plea to have the case transferred to the county where he resided.

The controverting affidavit embraced and included the Plaintiff's Original Petition, attached and made a part thereof. Thereby plaintiff asserted the right to have venue

retained in the county of suit, under subdivision 14 of Art. 1995. Vernon's Ann. Tex.Civ.St., Art. 1995, "Venue, general rule", provides in general that an inhabitant of Texas shall be sued only in the county where he has his domicile. Subdivision 14, "Lands", constitutes an exception to said general rule. Thereunder it is made mandatory that: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Excellent textual authorities bearing upon the subdivision are to be found in Clark, Venue in Civil Actions, Ch. 14, "Lands", paragraphs 1 to 6, inclusive; McDonald, Texas Civil Practice, p. 373, et seq., "Venue", § 4.22, "Art. 1995(14). Suits for Land, etc."; 59 Tex.Jur.2d 403, et seq., "Venue", §§ 28 to 38, inclusive.

The parties have stipulated that the land in question was located in Young County. In this case allegations in plaintiff's controverting plea constitute all that may be examined in ascertaining the other venue fact determinable, i. e., is the suit one "for the recovery of lands * * *"? Analysis of the allegations leads us to the conclusion that plaintiff's cause of action (under specific and controlling allegations) is for the recovery of title to realty,—in that he avers (1) that on January 28, 1953 he conveyed real property belonging to him (a mineral leasehold estate in lands in Young County) over unto the defendant—who continued in possession thereof up until time of the suit; (2) that in consideration of such conveyance the defendant promised and bound himself to deliver up funds and payments in the future, to be measured according to profits, if any, realized from certain activity on the part of the defendant, and to be paid only in the event such profits were realized from such activity; and (3) that the defendant breached his obligations under the contract, in that profits were realized by him as result of the activity upon which the parties contracted, but he refused to deliver up and pay the consideration thereupon dependent and conditioned—and that by reason of total failure of consideration relief in the form of rescission is sought.

█ Under such allegations the plaintiff was entitled to claim the remedy of rescission of the contract. 13 Tex.Jur.2d 636, "Contracts", § 361, "Remedies for breach". Plaintiff's remedy in that respect is not adversely affected, nor is his right impaired, because he seeks compensation in addition thereto. 59 Tex.Jur.2d 403 (407), "Venue", § 28, "(Actions Relating to Real Property)—In general". In the instant case such is sought as damages because recovery of the land, if effected, would be with the valuation thereof diminished as result of oil and/or gas having been taken therefrom.

We perceive no error in the presumed finding and conclusion by the trial court that the basic objective of plaintiff's suit was to cancel a deed (lease assignment) and to be reinvested with the title to realty purportedly conveyed thereby. See Restatement of the Law, Contracts, § 13, "Voidable Contracts", and § 354, "Specific Restitution of Land, Goods and Certain Choses in Action". Furthermore, the deed had been placed of record in Young County. A suit to eliminate efficacy of such "recording" is in substance one to remove an incumbrance upon the title to land. Dixon v. Alford, Tex.Civ. App., 333 S.W.2d 470, 472 (Amarillo, 1960, no writ history),—citing State v. Wynn, 157 Tex. 200, 301 S.W.2d 76, 80 (1957), quoting with approval language in Jones v. Ford, Tex.Civ.App., 118 S.W.2d 333, 337 (Fort Worth, 1938, no writ history).

█ In the tests to be applied in the determination of venue we do not consider whether the plaintiff can sustain the cause of action he has alleged. Rather we do determine what cause of action is alleged. Therefrom we have determined that it is a suit "for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands", within the contemplation of V.A.T.S., Art. 1995,

"Venue", subdivision 14, "Lands". We hold that the suit comes within the subdivision because plaintiff has alleged facts which, if established upon a trial, would entitle him to have a property interest in lands (formerly belonging to him) retransferred to him.

The defendant, appellant herein, has briefed his complaints under ten points of error. To write upon them would unduly lengthen this opinion. Our discussion, hereinabove, justifies the essential determination, i. e., that the trial court rendered a correct judgment when it overruled the plea of privilege. Defendant's points of error have been severally considered. They are severally overruled.

Judgment is affirmed.