**REPUBLIC NATIONAL BANK OF DALLAS, Appellant,**

v.

**Burnett ESTES and Dan Gibbs, Appellees.**

**No. 16998.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 22, 1967.

Adair Dyer, Jr., of White, McElroy & White, Dallas, for appellant.

Herbert L. Hooks, of Hooks & Wyrick, Dallas, for appellees.

BATEMAN, Justice.

This is an interlocutory appeal from an order sustaining a plea of privilege. The appellant sued Burnett Estes on ten promissory notes signed by Estes and payable to appellant, and for foreclosure of a deed of trust lien on land situated in Denton County, Texas. The appellee Dan Gibbs was made a defendant on an allegation that he was the record owner of the land. No money judgment was sought against him—only foreclosure. Although he was a resident of Dallas County, where the suit was filed, he filed a plea of privilege to be sued in Denton County, where the land is situated. Appellant controverted the plea of privilege on the ground that the suit, as evidenced by its petition, was not one to recover the lands or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, within the meaning of Section 14 of Vernon's Ann.Civ.St., Article 1995, but was merely one to foreclose a deed of trust lien thereon so far as Gibbs was concerned.

At the hearing appellant introduced in evidence its petition and the parties stipulated that Gibbs resided in Dallas County and appeared to be the record owner of the land "secured by the deed of trust lien that is alleged and set out in Plaintiff's Petition," and that the only relief sought as to Gibbs is foreclosure on the land. Thus, the facts are undisputed and we have only the narrow question of law as to whether the trial court erred in sustaining the plea of privilege.

Article 1995, V.A.C.S., provides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:" Following this provision are numerous sections containing exceptions to the general rule so stated. The one relied on by appellee is Section 14, as follows:

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

When the suit is one falling within the terms of Section 14, and a defendant files a plea of privilege to be sued in the county in which the land is located, the sub-

division is mandatory and the cause must be transferred to that county. South Texas Development Co. v. Williams, 130 Tex. 217, 107 S.W.2d 378 (1937).

However, this suit was not such a suit as is contemplated by Section 14, and appellee's plea of privilege was erroneously sustained. A suit to fix or foreclose a lien on land is "not one to recover land or damages thereto, to quiet title to land, or stay waste thereon." Holcomb v. Williams, 194 S.W. 631 (Tex.Civ.App., Fort Worth 1917, no writ), cited with approval in Bennett v. Langdeau, 362 S.W.2d 952, 955 (Tex.1962).

This is not a suit filed in the county in which the land is situated, wherein a defendant seeks to have it removed to the county of his domicile. In such a case the plaintiff's rights arise from Section 12 of Article 1995, V.A.C.S., providing that a foreclosure suit "may" be filed in the county in which the property or a part thereof is situated, and in such a case the existence and validity of the debt and lien are essential "venue facts" which must be established by a preponderance of the evidence. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935); Hagan v. Acme Drilling & Service Co., 225 S.W.2d 870 (Tex.Civ.App., Eastland 1950, no writ).

Here, however, the only "venue facts" were: (1) the nature of the suit, (2) the county of appellee's domicile, and (3) that the land or a part thereof lay in Denton County. The best evidence of the first was the appellant's petition, and the second and third were stipulated. Therefore, all the necessary venue facts were established. Appellant was not required to establish either the existence or the validity of its notes and deed of trust in the venue hearing. Cowden v. Cowden, 143 Tex. 446, 186 S.W. 2d 69, 72 (1945).

The judgment is reversed and the cause remanded for trial on its merits.

Reversed and remanded.