**Don J. HARRINGTON et ux.,**
**Appellants,**

v.

**WESTERN NATIONAL BANK OF**
**AMARILLO, Texas, Appellee.**

No. 8920.

Court of Civil Appeals of Texas,
Amarillo.

Oct. 10, 1978.

J. R. Hollingsworth, Amarillo, for appellants.

Whittenburg Law Firm, Cary Schachter, Amarillo, for appellee.

DODSON, Justice.

In the venue phase of this action, Don J. Harrington and wife Edith A. Harrington appeal from an order of the trial court sustaining the plea of privilege by the Western National Bank of Amarillo asserting its alleged right to be sued in Randall County, the principal place of business. The bank maintains that the Harringtons failed to plead sufficient facts to maintain venue in Potter County. We determine that the Harringtons' pleadings state a cause of action against the bank which is within the purview of subdivision 14 of article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964). We reverse the order of the trial court and remand the action.

The Harringtons allege that they own a certain 5.132 acre tract located in Potter County, Texas; that they executed a note and mechanic's lien to Larry Sheffield for the construction of a residence on this property; that the mechanic's lien was transferred to the bank; that Larry failed and refused to complete the residence within 180 days and pay in full each of his subcontractors; that they [the Harringtons] moved into the residence and completed the construction; that a substitute trustee purported to convey title to the property; and that the bank filed an action for forcible detainer in the Justice Court, Precinct One, Place Two, Potter County, Texas, seeking possession of the property.

By controverting plea the Harringtons allege that they are entitled to maintain venue in Potter County, Texas, under subdivisions 5, 14 and 29a of article 1995, *supra*. Subdivision 14 provides:

> 14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

In this action against Sheffield and the bank, the Harringtons seek to recover damages, remove the cloud from the title to the real property, and obtain an order abating the bank's forcible detainer action in Justice Court for possession of the real property. The Harringtons further seek court costs, attorney's fees and general relief.

■ The bank maintains that the Harringtons' original petition is insufficient to state a cause of action under this subdivision. We do not agree. The fee ownership of real property includes the right to its peaceable possession and enjoyment. The Harringtons state a cause of action against the bank within the purview of subdivision 14 of article 1995 by alleging that they own the 5.132 acre tract of land, that the bank is asserting a right for possession of the property (which is adverse to their alleged ownership) and by requesting the court to remove the cloud from their title. *See* 47

Tex.Jur.2d *Quieting Title* §§ 14, 25 (1963) and the cases cited therein.

■ The bank also maintains that 12 U.S.C. § 94 (1945) provides that venue in an action against a national bank must be in the county of the bank's residence—Randall County in this case. However, the bank in its brief recognizes that venue in rem or local actions is a generally accepted exception to this provision, citing *Fort Worth National Bank v. Ballanfonte*, 469 S.W.2d 9 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). *See also Houston National Bank v. Farris*, 549 S.W.2d 420 (Tex.Civ.App.—Waco 1977, writ dism'd) and the cases cited therein. The action against the bank for removal of a cloud on the title to the real property is an in rem action, local in nature. The provisions of 12 U.S.C. § 94 do not apply. *See Houston National Bank v. Farris, supra.*

In its brief the bank also acknowledges that the court's order sustaining its plea of privilege "was entered in response to the bank's motion to sustain the plea of privilege because of the failure of plaintiffs' [the Harringtons] pleadings to allege venue facts sufficient to maintain venue in Potter County." The trial court decided the venue issue on the pleadings and did not hear any evidence on the matter. Under section 14 of article 1995 the Harringtons are entitled to maintain venue "in the county in which the land, or a part thereof, may lie" when, as here, they have alleged a cause of action. The Harringtons allege that the 5.132 acre tract is situated in Potter County, Texas. They are entitled to an evidentiary hearing to establish this venue fact.

The Harringtons' points of error one, two and three are sustained. Our view of these points is dispositive of this appeal; therefore, we deem it unnecessary to further discuss the Harringtons' remaining points of error. Accordingly, the order of the trial court sustaining the plea of privilege of Western National Bank of Amarillo is reversed and the cause is remanded to the trial court.