**Hector GONZALEZ, Appellant,**

v.

**TEXACO, INC., Appellees.**

**No. 2592cv.**

Court of Appeals of Texas, Corpus Christi.

Oct. 14, 1982.

---

Homer E. Dean, Jr., Alice, for appellant.

Robert P. Thibault, Texaco, Inc., Houston, for appellees.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is a venue case. Suit was instituted by Texaco, Inc., hereinafter "Texaco," in the 28th District Court of Nueces County, Texas, on February 12, 1982, wherein Hector Gonzalez, hereinafter "Gonzalez," was named as defendant. Texaco sued for damages, for a temporary injunction and for a permanent injunction. Gonzalez timely filed his plea of privilege to have the suit transferred to Jim Wells County, Texas, the county of his residence, under the provisions of Tex.Rev.Civ.Stat.Ann., art. 4656. Texaco filed a controverting plea and asserted that venue was mandatory in Nueces County, Texas, under the provisions of Tex.Rev. Civ.Stat.Ann. art. 1995, § 14. Following a hearing before the court, the plea of privilege was overruled. Gonzalez has timely perfected an appeal from that order.

Texaco has alleged:

1. It is the present owner and holder of all rights under an oil and gas lease executed in 1937 by John M. and Gertrude Luby, as lessors and I.J. Allen, as lessee of the mineral estate;

2. All of the land described and covered in the aforesaid oil and gas lease is situated in Nueces County, Texas;

3. In 1981, Gonzalez purchased the land covered by the aforesaid oil and gas lease subject, however, to the aforesaid oil and gas lease;

4. Through the aforesaid oil and gas lease, Texaco is the owner of the mineral estate, which, by operation of law, is the dominate estate; As a result, Texaco has the right to enter upon and use so much of such property as may be reasonably necessary to

carry out and execute the purposes of the rights granted to Texaco by the lease; Texaco's operations on the lease property include the construction and maintenance of such roads as may be necessary for the drilling and maintaining of its wells and surface facilities, as well as the laying of underground pipelines, for transporting hydrocarbon products produced from the lease;

5. In January, 1982, Gonzalez, in undertaking to develop a residential subdivision upon the above described tract of land, interdicted Texaco's access roads to two wells and destroyed approximately 1,200 feet of another road, all built by Texaco;

6. Gonzalez also conducted brush-clearing operations on the property by setting an uncontrolled fire which came within 100 feet of oil and gas installations and facilities, owned by Texaco, before being brought under control; this act created a serious danger to Texaco's employees and property;

7. Gonzalez has failed to inform his agents constructing the subdivision roads that numerous active pipelines are located beneath the surface and breaking said pipelines could result in life-endangering explosions and fires.

In addition to the foregoing summary, Texaco alleged:

### "XIV.

In response to demands that he observe Texaco's rights in the subject property, which demands were made prior to the onset of the destruction of Texaco's property, Gonzalez has taken the position that he can and will ignore those rights developing his property as he sees fit with or without Texaco's consent. As set forth herein, Gonzalez' actions have been consistent with that position.

### XV.

Gonzalez' aforesaid conduct constitutes wrongful and unlawful interference with Texaco's dominant and exclusive property rights under the Lease."

\* \* \* \* \* \*

### "XVIII. (sic)

As a consequence of Gonzalez' conduct, Texaco has suffered actual damages in excess of the minimum jurisdictional amount of this court. Texaco further is entitled to recover exemplary damages from Gonzalez in an amount of not less than $50,000."

### "XVIII.

\* \* \* \* \* \*

Texaco cannot be adequately compensated if relegated to an action at law with respect to said irreparable and unascertainable damages. Thus, Plaintiff is without adequate remedy at law and is entitled to injunctive relief to preserve and protect it against said irreparable and unascertainable damages and to secure and protect its aforesaid property rights."

In its prayer, Texaco asks for a temporary injunction, to be converted into a permanent injunction upon final hearing, and that, on final hearing, it be awarded its damages, actual and exemplary.

Gonzalez, in a single point of error, complains that the trial court erred in overruling his plea of privilege for the reason that it failed to recognize that the mandatory language of Tex.Rev.Civ.Stat.Ann. art. 4656 requires that a suit seeking an injunction as its primary purpose must be brought in the county of the defendant's residence, which, in this case, is Jim Wells County. He argues that the primary purpose of the suit is to secure injunctive relief and that the action for damages is ancillary.

Article 4656, in pertinent part, provides: "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabit-

ant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts...."

Texaco, on the other hand, contends that the primary purpose of this suit is for damages to land as a result of certain alleged acts by Gonzalez and that the injunctive result sought is purely ancillary. Texaco relies upon Tex.Rev.Civ.Stat.Ann. art. 1995, § 14, which provides:

"Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a party thereof, may lie."

Tex.Rev.Civ.Stat.Ann., § 30, reads as follows:

"Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

The only question presented in this appeal is whether this is a suit for the recovery of land within the meaning of subdivision 14 of article 1995, or a suit primarily to secure an injunction.

■■■ To establish venue in Nueces County, Texaco had the burden of establishing that the nature of the suit filed by it concerned land as contemplated by subdivision 14, and that the land was located in Nueces County. *Piazza v. Phillips,* 153 Tex. 115, 264 S.W. 428 (1954). Texaco alleged, and the evidence shows, that the land is situated in Nueces County. The present dispute involved the nature of the suit brought by Texaco. In that respect, the Texas Supreme Court has determined that where venue depends on the nature of the suit, venue will be determined by the nature of the principal right asserted in plaintiff's petition and relief sought therein. *Brown v. Gulf Television Company,* 157 Tex. 607, 306 S.W.2d 706 (1957).

■■■ Although subdivision 14 of art. 1995 and art. 4656 are stated in mandatory terms, they have been reconciled by the Supreme Court in *Brown v. Gulf Television Company,* supra. The test is that whenever it can properly be said from the pleadings that the issuance of the injunction is ancillary to a judgment awarding recovery of land, subdivision 14 controls. But, where the petition reveals that the primary relief sought is injunctive, then art. 4656 controls. *Brown v. Gulf Television Company,* supra; *Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co.,* 267 S.W. 688 (Tex.Comm'n.App., 1925). Texaco alleged in its petition that it owns an oil and gas lease covering certain property situated in Nueces County, Texas. Other allegations are to the effect that its rights have been interfered with by Gonzalez. Therefore, the true nature of this suit concerns land as contemplated by subdivision 14 of art. 1995. The allegations show that the right by Texaco to the surface use of the land is incident to the ownership of its oil and gas lease. Unquestionably, Texaco, under its oil and gas lease, owns an interest in land.

Under the undisputed evidence and the allegations contained in Texaco's pleadings, we hold that this appeal presents a case of conflict between owners of interests in land. Texaco's rights are appurtenant to the ownership of a mineral interest in land and Gonzalez' rights are appurtenant to his ownership of the land, subject, however, to the mineral rights owned by Texaco.

The primary relief requested by Texaco involves a determination and declaration of who has superior rights to use the surface of the land. The issuance of an injunction is merely ancillary to the determination of Texaco's rights. On this issue, we consider *Uvalde Rock Asphalt Company v. Asphalt Belt Ry. Co.,* supra, *Ventura v. Hunter Barrett & Co.,* 552 S.W.2d 918 (Tex.Civ.App.—Corpus Christi 1977, writ dism'd), *Marshall v. Ballard,* 314 S.W.2d 368 (Tex.Civ.App.—Eastland 1958, writ dism'd), and *Roach v. Chevron U.S.A., Inc.,* 574 S.W.2d 200 (Tex. Civ.App.—San Antonio 1978, no writ), to be

controlling. We follow the rules announced in the aforesaid cases and refer to the many cases cited in those cases. Furthermore, *Brown v. Gulf Television Company,* supra, relied on by Gonzalez is distinguishable from the case at bar and does not mandate the reversal of the trial court's judgment.

The judgment of the trial court is AFFIRMED.