Jack K. SCARTH and Wife, Ruth D. Scarth, Appellants,

v.

FIRST BANK & TRUST CO., Booker, Texas, Appellee.

No. 07–85–0207–CV.

Court of Appeals of Texas, Amarillo.

June 5, 1986.

Gibson, Ochsner & Adkins, Mac W. Hancock III and William S. Leach, Amarillo, for appellants.

Lemon, Close, Shearer, Ehrlich & Brown, Otis Shearer, Booker, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellants Jack K. and Ruth Scarth bring this appeal from a judgment in favor of appellee First Bank and Trust Company, Booker, Texas. In one point of error, the Scarths say the trial court erred in failing to sustain their motion to transfer venue of the case as mandatory venue of the case is in Sherman County. We disagree with this contention and affirm the judgment of the trial court.

Appellee instituted this suit seeking a declaratory judgment concerning a note and deed of trust in its favor. The land covered by the deed of trust was a half section of land in Sherman County belonging to appellants. The relief sought, as material to the issue before us, was a declaration that the deed of trust lien securing the note was superior to any asserted homestead rights of the appellants. In response, appellants filed a motion to transfer venue to Sherman County. In the motion appellants argued that the mandatory provisions of Tex.Rev.Civ.Stat.Ann. art. 1995(2)(a), (Act of June 17, 1983, ch. 385, § 1, 1983 Tex.Gen. & Spec. Laws, 2119, 2120) * mandated the transfer of the case to Sherman County where the land was located. Subject to that motion, appellants defended on the basis that the property was homestead and not subject to the lien. The motion was overruled and, after trial and a jury finding that on the date of the deed of trust appellants had abandoned their homestead right in the property in question, the judgment in favor of appellee giving rise to this appeal was entered. As appellants note, the fact of the execution of the deed of trust by them and their default thereunder was not in dispute.

█ Appellants do not contest the sufficiency of the evidence to support the jury finding, nor do they dispute that a permissive venue provision authorized the Lipscomb County filing if mandatory venue was not in Sherman County. Therefore, the sole issue for our determination is whether article 1995(2)(a) required the transfer of this case to Sherman County. At the material times in this case, section 2(a), which became effective September 1, 1983, provided:

Section 2. MANDATORY VENUE. (a) Lands. Actions for recovery of real property or an estate or interest in real property, or for partition of real property, or to remove encumbrances from the title to real property, or to quiet title to real property shall be brought in the county in which the property or a part of the property is located.

Texas Civil Practice & Remedies Code § 15.011 (Vernon Pamp. Supp.1986).

---

Prior to its 1983 amendment, the applicable mandatory venue provision in article 1995 was subdivision 14. That subdivision provided:

14. Lands.—Suits for the recovery of lands or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

The similarity in the two provisions is readily apparent. Because of that similarity, decisions interpreting subdivision 14 are analogous and of benefit in reaching our decision.

Because of its mandatory nature, courts generally gave subdivision 14 a strict construction and refused to apply the exception unless the suit was clearly within one of the categories set out by the statute. *See First National Bank of Yorktown v. Pickett*, 555 S.W.2d 547, 551 (Tex.Civ.App.—Corpus Christi 1977, no writ). Since section 2(a) is a direct and lineal descendent of subdivision 14, the same construction should be given to section 2(a).

■ The necessary venue facts under section 2(a) are the same as those under its predecessor subdivision 14. Those facts are (1) the type or nature of the plaintiff's cause of action, and (2) the location of the land. *First National Bank of Yorktown v. Pickett*, 555 S.W.2d at 550; *Best Investment Company v. Parkhill*, 429 S.W.2d 531, 532–33 (Tex.Civ.App.—Corpus Christi 1968, writ dism'd). Since the location of the land undisputedly is in Sherman County, our inquiry in this case must be whether this suit is of the type specified in section 2(a).

■ The nature of the suit must be determined solely from the facts alleged in the plaintiff's petition, the rights asserted, and the relief sought. *Renwar Oil Corporation v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774, 775 (1955); *Edgar v. Bartek*, 507 S.W.2d 831, 835 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd). The ultimate or dominant purpose of the suit determines

whether or not it falls under section 2(a). *Edgar v. Bartek*, 507 S.W.2d at 835.

■ As we noted above, the dominant purpose of this suit was to obtain a declaration as to the status of the parties, *i.e.*, whether the deed of trust lien was a valid lien on the property in question. Thus, the ultimate purpose of the suit might be fairly characterized as an attempt to fix appellee's lien upon the Sherman County land. In our decision as to whether such an action is within the purview of section 2(a), we find the teaching of the Supreme Court in *Bennett v. Langdeau*, 362 S.W.2d 952 (Tex.1962) instructive, and indeed, determinative.

In that case, suit was brought by Langdeau as receiver for the Franklin American Insurance Company in Travis County seeking to establish the priority of a note and deed of trust securing that note by either cancelling certain other later notes, releases, deeds of trust, etc., or by a holding subordinating those instruments. He also sought judgment against the defendants and foreclosure of the deed of trust. The defendants filed a plea of privilege seeking removal of the suit to Bexar County, the location of the land, by virtue of the mandatory venue provisions of subdivision 14. En route to its decision upholding the denial of that plea of privilege, the Court made the following significant observations:

The primary and ultimate purpose of respondent's suit, insofar as it concerns the land, is to establish that the interests of the defendants are *subject to the lien he asserts* and to obtain a foreclosure of such lien. An action of this type is not governed by Exception 14.... [Emphasis added.]

*Id.* at 955.

In *Bell v. Federal Land Bank of Houston*, 118 S.W.2d 1007 (Tex.Civ.App.—Galveston 1938, no writ), the Court was presented with a question somewhat analogous to the question in the instant case. In that case, the bank had filed suit on a note seeking judgment and a foreclosure of a lien. The suit was filed in Harris County, the county where the note was payable,

rather than in Harrison County where the land was located. The appellant filed a plea of privilege pointing out that she asserted a homestead claim and asking removal of the case to Harrison County, the county of her residence and the location of the land. That plea was overruled by the trial court, an action affirmed by both appellate courts. The original opinion is unclear as to the statutory basis of Bell's plea of privilege. However, in its opinion on the motion for rehearing, the Court noted that in the motion, appellant urged the applicability of the mandatory venue provision, then subdivision 14. In its disposition of that claim, the Court, in holding that the issues in the case did not involve questions within the purview of subdivision 14, stated:

> [T]his cause in no sense involved ... an action to recover an interest in land, ... wherefore it did not come within the purview of the invoked subdivision 14 of Article 1995.

*Id.* at 1008.

In *Republic National Bank of Dallas v. Estes*, 422 S.W.2d 834 (Tex.Civ.App.—Dallas 1967, no writ), the Court pointed out the established rule that "[a] suit to *fix* or foreclose a lien on land is 'not one to recover land or damages thereto, to quiet title to land, or to stay waste thereon.'" (Emphasis added.) *Id.* at 836. *See also Holcomb v. Williams*, 194 S.W. 631, 632 (Tex.Civ.App.—Fort Worth 1917, no writ). The rationale for these decisions seems to be that mandatory venue provisions are inapplicable where the action in question involves title only incidentally or secondarily, and not directly. *See* 1 R. McDonald, Texas Civil Practice in District and County Courts § 4.22.3, fn. 2 (rev. 1981). The instant suit is also one in which the title to the land is involved only incidentally or secondarily, and not directly. Therefore, it does not fall within the mandatory venue requirement expressed in section 2(a).

In asserting that the case does fall within the mandatory venue requirement, appellants place primary reliance upon such cases as *Dorfman Development Co. v. American Commonwealth Development Co.*, 523 S.W.2d 268 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Harrington v. Western National Bank of Amarillo*, 572 S.W.2d 769 (Tex.Civ.App.—Amarillo 1978, no writ); *Leonard v. Carter*, 389 S.W.2d 147 (Tex.Civ.App.—Fort Worth 1965, writ dism'd). Each of these cases is distinguishable.

In *Dorfman* the primary relief sought was the removal of an encumbrance, *i.e.*, a deed of trust lien, an objective expressly within the purview of the mandatory venue statute. In *Harrington* the relief sought was the removal of an encumbrance on the title caused by a mechanic's lien and purported conveyance by a substitute trustee, again, a matter squarely within the purport of the mandatory venue statute. In *Leonard* the objective of the suit was to cancel a mineral leasehold estate because of a failure of consideration. The Court specifically held that such an action was one to remove an encumbrance upon the title, again, a matter directly within the purview of section 2(a). Thus, in each of the above cases, the title to the land was directly, not secondarily or incidentally involved.

Appellants also place reliance upon the decisions in *Lone Star Producing Co. v. Bird*, 406 S.W.2d 344 (Tex.Civ.App.—Tyler 1966, writ dism'd) and *Gonzalez v. Texaco, Inc.*, 645 S.W.2d 324 (Tex.Civ.App.—Corpus Christi 1982, no writ). These cases also are distinguishable. In *Lone Star* the relief sought was a cancellation of deeds to the property involved. In *Gonzalez* the primary purpose of the suit, as appellants recognize, was to determine which of the two land interests held by the parties gave a superior right to the use of the surface of the ground. Again, both of the cases involve matters directly and immediately involving the title and rights to land.

In summary, the dominant or primary purpose of appellee's suit was not one within the mandatory venue requirements of Tex.Rev.Civ.Stat.Ann. art. 1995(2)(a). Therefore, the trial court's action in overruling the motion for change of venue was

correct. The judgment of the trial court is affirmed.