**TRAFALGAR HOUSE OIL & GAS INC., Hamill Energy Co. & Linda D. Schibi, Trustee, Appellants,**

v.

**Trinidad C. DE HINOJOSA, Appellee.**

**No. 04–88–00549–CV.**

Court of Appeals of Texas, San Antonio.

July 12, 1989.

Arnold G. Gonzalez, Wood, Boykin, Wolter & Keys, Corpus Christi, for appellants.

Terry A. Canales, Terry A. Canales, P.C., Premont, Timothy Patton, Pasqual & Pozza, San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

OPINION

BIERY, Justice.

Appellants, Trafalgar House Oil & Gas, Inc., Hamill Energy Company and Linda D. Schibi, Trustee, appeal from a $20,600.00 judgment in favor of Trinidad C. De Hinojosa, appellee. The judgment followed a non-jury trial. Hinojosa's claims against Esenjay Petroleum Corporation, a bankrupt defendant, were severed from her claims against the other defendants prior to trial. Defendant Joseph P. Mueller did not appeal the judgment against him.

Plaintiff, Trinidad C. De Hinojosa, sued defendants for breach of contract of an oil and gas lease. Plaintiff contended that defendants breached the "notice of assignment" provision and, therefore, plaintiff was entitled to recover liquidated damages of $1,000.00 for each breach as provided in the contract. By two points of error, defendants/appellants contend that the trial court erred in denying their motion to transfer venue and that the liquidated damage provision of the contract is an unenforceable penalty. We affirm the judgment of the trial court.

In point of error number one, appellants contend that venue was mandatory in Jim Hogg County or Duval County because the case involves an action to recover an interest in real property. TEX.CIV.PRAC. and REM.CODE ANN. § 15.011 (Vernon 1986).[1] In the alternative, appellants contend that venue was proper in Nueces County under the permissive venue provision requiring suits to be brought in the county of residence of the principal place of business of a corporation. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 15.036 (Vernon Supp.1989).

The ultimate or dominant purpose of the suit determines whether the case falls under the mandatory venue provision applicable to certain actions involving real property. *Scarth v. First Bank & Trust Co.*, 711 S.W.2d 140, 142 (Tex.App.—Amarillo 1986, no writ). Because of its mandatory nature, the venue provision applicable to suits concerning land is strictly construed by Texas courts and will not be applied unless the suit falls clearly within one of the categories set out by the statute. *Id.*

When construing the statutory predecessor to TEX.CIV.PRAC. & REM.CODE ANN. § 15.011, which was identical to the current venue law, this court recognized: "It is not enough that the suit merely involves land; it must be a suit for the recovery of land or damages thereto, or to quiet the title to land, or to prevent or stay waste on land." *Canales v. Estate of Canales*, 683 S.W.2d 77, 81 (Tex.App.—San Antonio 1984, no writ). Plaintiff's suit is not an action to recover land or quiet title; rather, it is a breach of contract action to recover liquidated damages for defendants' breaches of the notice requirements of the lease.

Appellants also claim that proper venue of the suit was Nueces County, the residence of defendants/appellants, under a permissive venue provision. If, however, the suit was properly filed in Jim Wells County pursuant to a different permissive venue provision, then the trial court correctly overruled the motions to transfer.

*See* 1 R. McDonald, TEXAS CIVIL PRACTICE § 4.05 (1981).

Venue was proper in Jim Wells county under the permissive venue provision, TEX. CIV.PRAC. & REM.CODE ANN. § 15.035(a), which states:

> [I]f a person has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place in that county by that writing, suit on or by reason of the obligation may be brought against him either in that county or in the county in which the defendant has his domicile.

In paragraph five of the lease, the lessee and his assignees contracted in writing that:

> All payments due to LESSOR [Hinojosa] may be made by the check of LESSEE [defendants] mailed or delivered to the LESSOR at Post Office Box 14, Premont, Texas 78375, or THE FIRST STATE BANK in the City of Premont, Jim Wells County, Texas, on or before the due date of payment.

In paragraph nine of the lease, the lessee and any assignees agreed to pay Hinojosa $1,000.00 as liquidated damages if they failed to notify Hinojosa of an assignment within thirty days after that assignment. In paragraph thirty-one of the lease, the parties agreed that "all notices required" by the lease had to be delivered by the Lessee and assignees personally or by certified/registered mail to Trinidad C. De Hinojosa at P.O. Box 14, Premont, Texas 78375. Venue was therefore proper in Jim Wells County. *See Graham Homes, Inc. v. Bowyer Real Estate*, 619 S.W.2d 25, 26 (Tex.Civ.App.—Fort Worth 1981, no writ) (venue proper in county where brokers fee was payable by terms of contract); *Yanta v. Davenport*, 323 S.W.2d 636, 637 (Tex. Civ.App.—San Antonio 1959, writ dism'd) (provision for payment to order of plaintiff "at the Frost National Bank, of San Antonio, Texas" established venue); *Texas Gas Prods. Corp. v. Rowan*, 317 S.W.2d 815, 816 (Tex.Civ.App.—Fort Worth 1958, writ

---

**1.** Unless otherwise stated, all references to the Texas Civil Practice and Remedies Code are to Vernon 1986.

dism'd) (place of performance for venue purposes was fixed by parties when provision inserted for delivery of payment in specified county). Point of error number one is overruled.

■ Point of error number two contends that the "notice of assignment" provision in the contract was invalid and void as a penalty.

The notice of assignment provision in dispute reads as follows:

The right of either party hereunder may be assigned in whole or in part, and the provisions hereof shall extend to their heirs, successors and assigns; but no change or division in ownership of the land, rentals or royalties, however accomplished, shall operate to enlarge the obligations or diminish the rights of LESSEE or LESSOR; and no change or division in such ownership shall be binding on LESSEE until thirty (30) days after LESSEE shall have been furnished by registered U.S. mail at LESSEE'S herein designated place of business with a certified copy of the recorded instrument or instruments evidencing same. Provided, however, that no assignment nor reassignment shall operate to relieve LESSEE or its assignees from any liability or responsibility hereunder. In the event of an assignment or transfer by LESSEE, then the acceptance of any of the benefits hereunder or the use by the assignee of the premises shall constitute an assumption in full of all of the terms and provisions hereof as though such assignee were an original party to this agreement. In the event of assignment, LESSEE, its successors and assigns, shall give notice of the fact of such assignment and the name and address of the assignee within thirty (30) days after such assignment; and, LESSOR shall likewise be notified upon each subsequent assignment. Upon each failure of the LESSEE, its successors and assigns to comply with the foregoing "notice of assignment", said LESSEE, his successors and assigns shall jointly and severally forfeit and pay unto the Lessor the sum of ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS as liquidated damages.

A contractual provision for liquidated damages is enforceable if the amount provided for is a reasonable estimate of harm that would be caused by a future breach, and the anticipated damages resulting from a breach are difficult to ascertain. *Rio Grande Valley Sugar Growers, Inc. v. Campesi*, 592 S.W.2d 340, 342 n. 2 (Tex. 1979); *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 486 (1952); *Vallance & Co. v. De Anda*, 595 S.W.2d 587, 589 (Tex.Civ. App.—San Antonio 1980, no writ). If, however, the clause for liquidated damages, is merely a penalty to induce performance of the contract, it is unenforceable. *See Campesi*, 592 S.W.2d at 343; *Stewart*, 245 S.W.2d at 487.

The record reflects that the defendants' expert witness had previously represented Hamill Energy, one of the defendants in this suit, and had unsuccessfully attempted to settle Hinojosa's claims. Furthermore, he summarily dismissed the idea that Hinojosa could never be damaged by a breach of the notice of assignment requirement. On cross examination, the defense expert conceded that a lay person, such as Hinojosa, would have to hire a lawyer or landman to analyze any assignments, as well as the courthouse records, before she would be able to determine who had a right to be on her property or who was responsible for damage to her property as a result of drilling operations. The defense expert testified that he would charge $150.00 an hour to read assignments and records. In addition, he acknowledged that multiple transfers of the lease would require an attorney to check the court records, and checking the records would not necessarily show every assignment because many instruments are never filed of record. Finally, the defense expert acknowledged that it is impossible to estimate accurately the expense of locating unfiled assignments, stating, "There's no way to tell if it was unrecorded."

The liquidated damage provision of the contract was narrowly drafted such that it would take effect only upon the breach of a

significant contractual obligation—the duty to provide Hinojosa with timely notice of assignments. Unlike *Stewart*, the instant case does not involve a liquidated damages provision for any trivial breach of contract. *Cf. Stewart*, 245 S.W.2d at 487; *Community Dev. Serv., Inc. v. Replacement Parts Mfg., Inc.*, 679 S.W.2d 721, 727 (Tex.App.— Houston [1st Dist.] 1984, no writ). There was no need for the plaintiff to allege or prove actual damages if the damages resulting from a breach were difficult to estimate accurately in advance. *Smith v. Lane*, 236 S.W.2d 214, 215 (Tex.Civ.App.— San Antonio 1950, no writ).

The precise basis for the judgment of the trial court is unknown because appellants failed to request and obtain findings of fact and conclusions of law. Any questions of fact presented must be presumed found in support of the judgment, and the judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968). In the instant case, there was testimony presented by the defendants' expert and by Hinojosa's counsel as well as the plain language of the lease which adequately support the judgment. Additionally, there was a letter from the managing partner of defendant Hamill Energy Company which stated, "Pursuant to the provisions of paragraph (9) of the lease you are herewith being paid One Thousand and No/100 ($1,000.00) Dollars as liquidated damages as a result of such non-notification." Point of error number two is overruled.

The judgment of the trial court is affirmed.