

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-24-00093-CV

NHUNG THI NGUYEN AND HA PHU TRIEU, APPELLANTS

V.

HOANG NGUYEN, LANA DZUONG, ALEX MARK REAL ESTATE, LLC, THE
REALTORS NETWORK, INC., AND GREEN HOME CAPITAL LLC, APPELLEES

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 45726, Honorable Curt Brancheau, Presiding

December 9, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Nhung Thi Nguyen and Ha Phu Trieu sued Hoang Nguyen, Lana Dzuong, Alex Mark Real Estate, LLC, The Realtors Network, Inc., and Green Home Capital, LLC. While their suit was pending, plaintiffs added Chau Diem Pham as a defendant in their second amended petition.[1]

---

[1] The record does not contain Chau Diem Pham's answer or any indication that service of citation was obtained.

Defendants filed a combined special appearance, motion to transfer venue, and motion to dismiss under Rule of Civil Procedure 91a. After a hearing, the trial court orally granted only the motion to transfer venue. Its March 11, 2024 written order, however, went further—purporting to grant the special appearance, Rule 91a motion, "and/or" transferring venue, and dismissed the entire case with prejudice.

Plaintiffs (now Appellants) bring this interlocutory appeal.[2] With initial concern over the source for our appellate jurisdiction, we abated and remanded the case for filing findings of fact and conclusions of law. For the following reasons, we modify the March 11 order to reflect only the venue transfer the trial court actually granted. We do not reach the challenge to monetary sanctions imposed against plaintiffs' counsel. We remand to the trial court in part for the limited purpose of allowing the trial court to properly transfer the case to Harris County.

## Procedural Background

The underlying dispute began with plaintiffs' October 19, 2023 petition alleging breach of contract, fraud, and tortious interference with existing and prospective contractual relations. Defendants responded with a combined filing styled as a special appearance, venue transfer motion, and Rule 91a motion to dismiss. Though labeled a "special appearance," the motion actually challenged venue under section 15.002 of the Texas Civil Practice and Remedies Code, not jurisdiction under Rule of Civil Procedure 120a. Of relevance to this appeal is the section of the pleading entitled "Motion to Change Venue."

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b).

2

The trial court heard arguments via Zoom on March 6, 2024. Its oral ruling was clear and limited:

> [T]he Court is going to grant the Motion to Transfer Venue. Additionally, the Court is going to issue sanctions under 10.001 in the amount of $2,500. I do find the legal contention in the pleadings filed by the Plaintiffs to be frivolous. There's nothing in those facts alleged in the petition that meet the venue requirements under the Civil Practices & Remedies Code. The Court is going to ask [defendants' counsel] to, please, draft an order transferring this case and also for those sanctions against [plaintiffs' counsel].

However, the written order, signed March 11, 2024, strayed from the trial court's ruling from the bench. Using the commonly ambiguous conjunction "and/or," the order purportedly granted all three motions, and dismissed the case with prejudice. Citing Civil Practice and Remedies Code sections 10.001(2) and 10.001–10.004 the order also imposed a monetary sanction of $2,500 against plaintiffs' counsel for asserting a baseless venue allegation in plaintiffs' original and amended petitions.

Plaintiffs brought the present appeal. Given jurisdictional concerns, we abated this appeal and remanded for findings of fact and conclusions of law.[3] The trial court made the following findings of fact and conclusions of law, which we quote in relevant part:

<u>Findings of Fact</u>

1. The Plaintiffs' Breach of Contract claim seeks enforcement of the sale of membership shares in Indoors Partners Storage, LLC, not the sale of real property located in Hutchinson County.

2. All or a substantial part of events and/or omissions that give rise to the additional causes of action alleged by the Plaintiffs occurred in Harris County, Texas.

---

[3] *See Nguyen v. Nguyen,* No. 07-24-00093-CV, 2024 Tex. App. LEXIS 5961 (Tex. App.—Amarillo Aug. 19, 2024, per curiam order) (providing additional background information).

3. All individual Defendants reside in Harris County and all business entity Defendants are incorporated with a principal place of business in Harris County, Texas.

4. At the time of the filing of this case, Plaintiffs simultaneously filed Cause No. 2023-72698 in the 281st Judicial District Court of Harris County, Texas naming the same individual, Hoang Nguyen, as the sole Defendant and alleging causes of action based on similar facts.

Conclusions of Law

1. The Court does not adjudicate any of the claims alleged by Plaintiffs as venue is improper in Hutchinson County, Texas.

2. The Court finds the proper venue for this lawsuit is Harris County, Texas.

3. The Court does not dispose of any parties as venue is improper in Hutchinson County, Texas.

4. The Court finds this case should be transferred to the appropriate District Court for Harris County, Texas.

5. The Plaintiff alleged no facts in this lawsuit creating venue in Hutchinson [County], therefore the filing is frivolous as the claim and legal contention that the suit is for an interest in real property is not warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law under CRCP 10.001(2).

6. Sanctions in the amount of $2,500.00 are appropriate under 10.04(c)(3) to be paid to counsel for the Defendant. The Court finds this amount to be reasonable in light of the expenses and [attorney's] fees incurred in urging its Motion to Transfer due to the frivolous, sanctionable filing by Plaintiffs in Hutchinson County rather than Harris County.

4

**Analysis**

<u>1. Transfer of Venue vs. Dismissal</u>

In interpreting a judgment, we apply the same rules used to ascertain the meaning of other written instruments. *In re Granite Shop,* No. 02-08-00410-CV, 2009 Tex. App. LEXIS 1343, at *6 (Tex. App.—Fort Worth Feb. 24, 2009, orig. proceeding) (per curiam, mem. op.). *See also Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 404–05 (Tex. 1971). A judgment progresses through three stages: rendition (when officially announced), reduction to writing (typically by the prevailing party), and entry (recording in court minutes). *Henry v. Cullum Companies, Inc.*, 891 S.W.2d 789, 792 (Tex. App.—Amarillo 1995, writ denied). The oral rendition is the critical moment—later reduction to writing is ministerial and should conform to what was actually decided. When a written order deviates from the judgment rendered, this creates a clerical error we may correct. *In re Marriage of Dunn*, 589 S.W.2d 166, 167 (Tex. Civ. App.—Amarillo 1979, no writ); *Escobar v. Escobar*, 711 S.W.2d 230, 231–32 (Tex. 1986).

Here, the trial court's oral rendition and subsequent findings and conclusions conclusively show it meant only to transfer the case to Harris County. Its written order's dismissal with prejudice went much further, adjudicating the merits. This was error, because when granting a venue transfer, the court must transfer the case, not dismiss it. *See* TEX. R. CIV. P. 89 (providing if motion to transfer venue is sustained a cause of action shall not be dismissed); *The State Bar v. Beaty*, No. 05-95-00756-CV, 1996 Tex. App. LEXIS 1267, at *3 (Tex. App.—Dallas Mar. 28, 1996, no writ).

Because the errors in the March 11, 2024 order are clerical, we modify it to conform to the court's actual rendition. *See* Tex. R. App. P. 43.2(b). We therefore modify the March 11, 2024 order's decretal language to state only: "defendants' Motion to Change Venue is GRANTED."

2. Whether Venue is Proper in Harris County

We now turn to whether the trial court erred in its determination that venue of the plaintiffs' suit properly lies in Harris County. Though venue determinations generally are not immediately appealable,[4] this case presents an exception. In a multi-plaintiff case, as here, Texas Civil Practice and Remedies Code section 15.003(b) provides "an interlocutory appeal of a trial court's determination that a plaintiff did or did not independently establish proper venue as required under section 15.003(a) or, alternatively, did or did not establish the joinder criteria set out in subsections 15.003(a)(1)–(4)." *Jackson v. Jackson,* No. 02-15-00102-CV, 2016 Tex. App. LEXIS 10444, at *8 (Tex. App.—Fort Worth Sept. 22, 2016, pet. denied) (mem. op.). This provision has been interpreted as affording a right of immediate appeal of venue determinations in multi-plaintiff cases. *See Union Pacific v. Stouffer,* 420 S.W.3d 233, 237–38 (Tex. App.—Dallas 2015, pet. dism'd). We therefore conclude we possess interlocutory appellate jurisdiction under section 15.003(b).

Plaintiffs claim they were fraudulently induced to buy a 50% interest in Partners Indoor Storage, LLC, when defendant Hoang Nguyen allegedly represented this was the only way to acquire an interest in real property located at 521 Deahl Street in Borger,

---

[4] *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) ("No interlocutory appeal shall lie from the [venue] determination."); Tex. R. Civ. P. 87(6).

6

Texas. Their petition alleged venue was proper in Hutchinson County, Texas, because "all or a substantial part of the events or omissions" occurred there and the subject real estate was located there. Defendants' motion to transfer venue to Harris County argued the case involved selling LLC memberships, not land. They noted all defendants reside in Fort Bend County or have their principal offices in Harris County, where the key events occurred.

When venue facts are specifically denied, the plaintiff must make prima facie proof through proper pleadings and affidavit evidence that venue is proper in their chosen county. TEX. R. CIV. P. 87(3)(a); *In re Berry GP, Inc.,* 530 S.W.3d 201, 205 (Tex. App.—Beaumont 2016, orig. proceeding); *GeoChem Tech v. Verseckes,* 962 S.W.2d 541, 543 (Tex. 1998). Each plaintiff must independently establish proper venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(a).

The record does not contain a denominated response by plaintiffs to the motion to transfer venue. Rather, their affidavits offered only conclusory statements about defendants' alleged conspiracy and fraud—insufficient to establish venue facts. *See* TEX. R. CIV. P. 87(3)(a) (affidavits offered as prima facie proof of venue facts "shall set forth specific facts as would be admissible in evidence . . . ."); *Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.,* 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion."); *Manning v. Branum,* No. 07-16-00056-CV, 2017 Tex. App. LEXIS 8818, at *10 (Tex. App.—Amarillo Sept. 18, 2017, pet. denied) (mem. op.) (holding that conclusory evidence is no evidence).

7

Moreover, plaintiffs' claims do not fit within the mandatory venue provision for suits concerning real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (requiring an action "for the recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located."). The pleadings in this case make clear that plaintiffs' claims concern membership interests in a limited liability company and not in real property. Put another way, even if plaintiffs prevailed in their claims, they would not obtain relief for defendants' alleged tort by receiving title in Hutchinson County property. *See Trafalgar House Oil & Gas, Inc. v. De Hinojosa,* 773 S.W.2d 797, 798 (Tex. App.— San Antonio 1989, no writ) (holding that courts strictly construe this mandatory venue provision).

Plaintiffs' allegations also fail under the general venue statute, which permits suit where "all or a substantial part of the events or omissions giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1). The contract for purchasing Partners interests was signed in Harris County, and no evidence shows it was performed or breached in Hutchinson County. Nor is there evidence of any tortious conduct by defendants there.

When a plaintiff fails to make prima facie proof that venue is maintainable in the county of suit "the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county." *In re Mo. Pac. R.R. Co.,* 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding). Plaintiffs' causes of action arise from the claim that they were deceived into purchasing shares in Partners. The contract

8

regarding the purchase was "made and entered into" on February 14, 2020, and signed in Harris County. "Contract claims generally accrue in any county where the contract was formed, where it was to be performed or where it was breached." *Killeen v. Lighthouse Elec. Contractors, L.P.,* 248 S.W.3d 343, 348 (Tex. App.—San Antonio 2007, pet. denied). Thus, the trial court properly transferred the case to Harris County.

3. Sanctions Order

As noted above, the trial court imposed $2,500 in sanctions against plaintiffs' counsel for filing suit in Hutchinson County without a proper venue basis. We dismiss Appellants' complaint about this issue because we lack jurisdiction to hear it. Our limited interlocutory jurisdiction over venue in multi-plaintiff cases does not extend to reviewing sanctions orders. *See Lathrop v. Personalysis Corp.,* No. 14-06-00074-CV, 2006 Tex. App. LEXIS 9423, at *26 (Tex. App.—Houston [14th Dist.] Oct. 31, 2006, no pet.) (mem. op.) (concluding that although Civil Practice and Remedies Code section 51.014 afforded the appellate court interlocutory jurisdiction to review the denial of a defendant's special appearance, it did not have jurisdiction to consider an interlocutory order denying a motion for sanctions). Further, an attorney who is sanctioned personally must either join the client's notice of appeal or file a separate notice. *State ex rel. Durden v. Shahan,* 658 S.W.3d 300, 304 (Tex. 2022) (per curiam). Plaintiffs' counsel did neither. We therefore dismiss the challenge to the order of sanctions imposed against plaintiffs' counsel.

## Conclusion

The decretal sentence in the March 11, 2024 order referring to granting defendants' special appearance and motion to dismiss is modified, and now provides only that "defendants' Motion to Change Venue is GRANTED."

We conclude the trial court correctly granted defendants' motion to transfer venue. We remand this case for the limited purpose of allowing the trial court to render an order properly transferring the case to Harris County.

Lawrence M. Doss
Justice