## P. M. CUNEY ET AL. v. J. B. SHAW.

(Case No. 1461.)

1. ESTATE OF BANKRUPT — CONCURRENT JURISDICTION OF BANKRUPT AND PROBATE COURTS.— The widow and heirs of a testator sued to recover land sold under a decree of the United States district court in foreclosure of a mortgage held by the assignee of an estate in bankruptcy. The widow and two others had been appointed executors by the will, free from the control of the probate court. The suit to foreclose was brought by the assignee against the executrix, but the petition in the present case alleges that at the time the suit was brought and the sale made the estate was being administered by her under the rules of the probate court. In that suit the executrix appeared and answered, claiming only the homestead exemption. *Held,*

(1) That the United States district courts, as courts of bankruptcy, and the state courts have concurrent jurisdiction of suits for the recovery of the property of a bankrupt estate, or of a debt due the estate, but the former have power to render their jurisdiction practically exclusive.

(2) That had the defense been made that proceedings to collect the claim against the estate of deceased and enforce the lien were already pending in the probate court, the federal court would not have been divested of its jurisdiction, but the assignee merely required to elect between the two tribunals.

(3) Where the bankrupt court proceeds to enforce a claim on the estate of a decedent, the preferences and exemptions given by the state law are to be respected.

(4) That the decree rendered by the United States district court, in the exercise of its jurisdiction, bound the estate of deceased, and therefore those claiming the land as heirs or distributees; and this whether the estate was represented by an independent executrix, or one under the supervision of the probate court.

APPEAL from Waller. Tried below before the Hon. W. H. Burkhart.

*A. J. Harvey,* for appellants.

I. The probate court of Austin county acquired exclusive jurisdiction of the subject matter prior to the bankruptcy of the holder of the claim against the estate,

and the lien could not be enforced in any other tribunal. 47 Tex., 369.

II. The United States district court had no jurisdiction of the persons of plaintiffs, they never having been brought before it, and their personal rights could not be affected by the decree or sale. Rorer on Judicial Sales, p. 83, sec. 199; Haines v. Beach, 3 Johns. Ch., 459.

*Harris & Harris*, for appellee.

GOULD, CHIEF JUSTICE.— The widow and heirs of P. M. Cuney, deceased, sue to recover a tract of land, sold under a decree of the United States district court, foreclosing a mortgage thereon, rendered March 3, 1876, in a suit brought by the assignee of the bankrupt estate of R. & D. G. Mills against the executrix under the will of said Cuney, deceased. In their petition plaintiffs set out at length the mortgage or deed of trust given by Cuney, his death in 1867, leaving a will under which plaintiffs were his sole legatees and distributees, and appointing his widow and two other persons executors, free from the control of the probate court; the establishment of the debt and mortgage against the estate by the allowance thereof by the surviving widow, who qualified as executrix, and by the approval of the county judge of Austin county; that at the time of the institution of the suit by the assignee up to the time of the sale under the decree therein, at which sale defendant became the purchaser, the administration of the estate of said Cuney was pending in the probate court of Austin county, but that at the time the petition in this case was filed, administration on the estate was no longer pending or necessary. The petition further shows that in that suit by the assignee of R. & D. G. Mills, the executrix appeared and answered, making no defense further than to claim the homestead exemption, which claim was allowed, and the homestead excepted out of the land decreed to be sold.

The court sustained a general exception to this peti-
tion, and the question presented for our decision involves
the jurisdiction of the United States district court sitting
in bankruptcy to render such a decree and to bind the
heirs of Cuney, they not having been made parties other-
wise than through the executrix.   The bankrupt act
extends the jurisdiction of the district courts, as courts
of bankruptcy, "to the collection of all the assets of the
bankrupt."  Sec. 4972, R. S. U. S.   The courts of the
United States have uniformly asserted the jurisdiction of
the bankrupt court to entertain suits for the recovery of
the property of, or of debts due to, the estate of the bank-
rupt, and the power to make that jurisdiction practically
exclusive by enjoining parties from proceeding elsewhere.
*In re* Mallory, 6 Bank. Reg., p. 22; Bump on Bankruptcy,
10th ed., pp. 335, 338.   In Lathrop *v.* Drake, 91 U. S., 518,
Justice Bradley says:   "The state courts may undoubt-
edly be resorted to in cases of ordinary suits for the pos-
session of property or the collection of debts; and *it is
not to be presumed that embarrassments would be en-
countered in those courts in the way of a prompt and fair
administration of justice.   But a uniform system of
bankruptcy, national in its character, ought to be capa-
ble of execution in the national tribunals, without de-
pendence on those of the states, in which it is possible
that embarrassments might arise."   In suits for the re-
covery of the property of the bankrupt estate or of a
debt due the estate, the state and federal courts have
concurrent jurisdiction, but the bankrupt court is vested
with powers which enable it to make its jurisdiction
practically exclusive.   But it is claimed that the probate
court of Austin county acquired exclusive jurisdiction of
the subject matter prior to the bankruptcy of the holder
of the claim against the estate, and that the lien could
not be enforced in any other tribunal.

We are inclined to the opinion that the averments of

the petition must be regarded as showing that the estate of P. M. Cuney was being administered, not by an independent executrix, but under the supervision and orders of the probate court of Austin county. The petition leaves it unexplained how it was that, under such a will, the estate was being regularly administered in that court, but the pendency of such an administration was distinctly averred. But the executrix, when cited to answer in the bankrupt court, a petition, evidently treating her as acting as an independent executrix, appeared, and submitted to the jurisdiction of that court; nor does it appear that the probate court thereafter assumed jurisdiction over this part of the decedent's estate.

Had the defense been made that the proceedings to collect this claim and enforce the lien were already pending in the probate court of Austin county, the effect might have been to require the assignee to elect between the two tribunals, but not to divest the United States district court of its jurisdiction over the case. Whether as independent executrix, or as executrix administering under the orders of the probate court, Mrs. Cuney was competent to represent the estate, and to bind the heirs in defending a suit to foreclose the mortgage. Guilford v. Love, 49 Tex., 715; Gunter v. Fox, 51 Tex., 383; Zacharie v. Waldron, decided at present term. Her appearance and subsequent submission to the jurisdiction of the bankrupt court was, we think, sufficient to bind the heirs or distributees of the estate. Unquestionably the relative rights of the assignee, as a lien creditor of Cuney's estate, and of the distributees of that estate, were regulated by the laws of this state, and it cannot be doubted that the bankrupt court in foreclosing the mortgage would have respected those laws. The difficulties and delays in bringing before it the various parties interested in the estate of the deceased, as creditors or distributees, would frequently be very great, and even in case of claims

against living persons, great enough to account for the practice of selling the claims due the bankrupt estate, rather than attempting to collect them. The right to take the latter course by proceeding in the bankrupt court, having due regard to the preferences and exemptions given by the laws of the state, clearly existed; and, in the present case, if the preferences or rights given by those laws were interfered with by the decree of the bankrupt court, that fact does not appear. As presented in the petition there is no conflict of jurisdiction between the probate court and the United States district court. The latter court, in the exercise of jurisdiction conferred on it by the laws of the United States, rendered a decree binding the estate of the deceased, and therefore binding those claiming the land sold as heirs or distributees of that estate. This was certainly so if the estate was in that suit legally represented by an independent executrix, and, we think, it was also so, if the executrix in administering the estate was acting under the supervision of the probate court.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered March 11, 1882.]

