### TUCKER et al. v. COLE et al.
### No. 6384.

Court of Civil Appeals of Texas. Texarkana.
Sept. 16, 1948.

Rehearing Denied Oct. 28, 1948.

Barnet B. Skelton, of Houston, and P. O. Beard and George G. Huffman, both of Marshall, for appellants.

Feild & Woodall, of Marshall, for appellees.

WILLIAMS, Justice.

S. H. Bell, the common source of title, executed in 1922 a deed of trust lien on a 268 acre tract situated in Harrison County to secure the payment of a loan he then obtained from the Federal Land Bank of Houston, herein referred to as the Bank.

Bell represented to the bank that he was a single man in his verified application for the loan, and also executed and acknowledged the trust lien as a single man. He then and in 1935, at the time of his death, intestate, owned as his separate estate through inheritance above tract and also a one-half undivided interest in an adjacent 105 acre tract.

Subsequent to Bell's death Emma Mae Bell, representing herself to be his surviving wife, filed her application October 12, 1935, to be appointed administratrix of his estate in lieu of an administrator theretofore appointed, which was granted her by the probate court of Harrison County in March, 1936. In August, 1936, she as administratrix rejected in all respects the verified claim of the bank for $3,277 which had been presented to her as such administratrix for approval and allowance, as a secured claim under Art. 3515a, Sec. 1, Subdiv. b of R.C.S. of Texas, 1925, as amended in 1931, Vernon's Ann.Civ.St. art. 3515a, § 1(b).

Within 90 days thereafter in compliance with Art. 3522, R.C.S. of Texas, 1925, the bank filed suit in a district court of Harris County on above rejected claim and lien, the note and lien evidencing its debt having been made payable at Houston, Texas. The suit was against her individually and as administratrix of the estate, including other persons and corporations who were asserting easements, liens and timber interests in the 268 acre tract. The bank alleged that its lien for the amount of the debt was superior to all such claims and prayed for judgment establishing its debt against the estate and against Emma Mae Bell, as administratrix thereof, and for foreclosure of its asserted prior lien against all of the rights, title and interest of each of the defendants, and for order of sale.

After the Galveston Court of Civil Appeals, Bell v. Federal Land Bank of Houston, 118 S.W.2d 1007, had affirmed the Harris County District Court's decree which had overruled her plea of privilege to be sued in Harrison County, and after the bank and she, individually and as administratrix, had filed amended petition and answers on the merits, they entered into

a compromise of the litigation under which 25 acres out of the S. E. corner of the 268 acre tract would be released and the balance be conveyed to the bank in full settlement. Subsequently she filed her application as administratrix for authority under the provisions of Art. 3430, R.C.S., as amended, Vernon's Ann.Civ.St. art. 3430, to compromise and settle the claim under above terms. Acting upon this application, the Harrison County probate court on January 7, 1941, directed and authorized her to agree to the entry of a judgment in the Harris County District Court on above terms. Thereafter, the latter court entered a judgment in April, 1941, which established the bank's debt and claim as a first lien on the 268 acres less the 25 acres out of the southeast corner, with foreclosure of lien and ordered a certified copy of the judgment back to the probate court for observance and enforcement.

After above judgment had been certified back to the probate court and after the administratrix had failed and refused to comply with the probate order of January 7, 1941, she was removed as such administratrix and Percy Woodard was appointed administrator de bonis non. Thereafter, upon the application of Woodard, the probate court entered its order which authorized and directed him to deed the 243 acres to the bank in satisfaction of the latter's claim. After his execution and delivery of the deed to the bank, dated September 25, 1941, as administrator de bonis non, he filed his final account with request that the estate be closed, which was in all respects approved, his acts confirmed and administration on the estate closed. All statutory requirements as to notice and service of process were complied with in the entry of each and all of above recited orders, decrees and judgments. In March, 1944, Tucker purchased from the bank the 243 acre tract, paying part cash with the balance on time.

In the instant suit, a trespass to try title action filed in May, 1946, E. D. Tucker sued Emma Mae Bell Cole, nee Bell, and present husband, F. F. Cole, and the children born to the asserted common law marriage of S. H. Bell and Emma Mae, for the title and

possession of the 243 acre tract of land. The bank was made a defendant on its warranty of title, and a cross-defendant to adjudicate title to a mineral interest it had retained. Emma Mae Bell Cole and husband disclaimed.

In response to issues submitted, the jury found that S. H. Bell and Emma Mae on or about April 18, 1906, mutually agreed then and there to become husband and wife with the intention of so living together and in pursuance of that intent they did professedly live and cohabit together as husband and wife. The court found as recited in the judgment that Emma Mae and nine children, some being minors, survived him at his death in 1935. The evidence introduced in the instant trial supports the court's findings that in 1922, years prior thereto, and at the time of his death in 1925, S. H. Bell, Emma Mae and some of the children occupied and resided in a dwelling situated at all times in the northern part of the 105 acre tract which tract adjoined the south boundary line of the 268 acre tract. During above years, part of the land on both tracts was cultivated and used as a unit for a farm home. The court found the 268 acre tract constituted the homestead of Bell, both in 1922 and 1935.

Tucker and the bank have each perfected an appeal from the judgment which decreed that Tucker should take nothing against the children (the appellees here); that awarded him a recovery against the bank in the alleged failure of its warranty of title; that awarded him title and possession as against Emma Mae Bell Cole on her disclaimer; and which awarded the children title to the mineral interest theretofore retained by the bank in its deed to Tucker.

Appellants relied upon above documentary evidence for title and timely objected to the admission of any and all evidence that purported to show an alleged common-law marriage or any homestead use of land, and excepted to the submission of any issues, findings or the judgment based thereon. They assert that such evidence and issues submitted related to homestead matters that had been rendered res adjudicata under above decrees. Appellees say

they are void in that the land being a homestead, neither the district nor probate court acquired jurisdiction over the subject matter, and (2) that the children (appellees) were necessary parties to the district court judgment to bind them on any homestead rights.

"It is believed that a careful analysis of the cases on this subject would show in a collateral proceeding the only contingency in which the judgment of a domestic court of general jurisdiction, which has assumed to act in a case over which it might, by law, take jurisdiction of the subject matter and the person, can be questioned, is when the record shows affirmatively that its jurisdiction did not attach in a particular case. This question in such a proceeding must be tried by the recital in the record itself, and by the presumptions arising therefrom. If they show a case of jurisdiction, then in a collateral proceeding, upon grounds of public policy, the record imports absolute verity and is conclusive." Murchison v. White, 54 Tex. 78, 82; Martin v. Robinson, 67 Tex. 368, 3 S.W. 550; Carroll v. McLeod, 133 Tex. 571, 130 S.W.2d 277, and authorities there cited.

In support of this collateral attack, appellees rely upon the rule, a well recognized landmark in our jurisprudence which deals with the jurisdictional powers of the courts over a homestead and which is stated by our Supreme Court in Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 636, 66 A.L.R. 916, as follows: "* * * our courts have consistently held that probate or other judicial sales of exempt homestead property, in the absence of an affirmative showing in the decree that the question was adjudicated in the judgment leading up to the sale, may be inquired into and declared a nullity in collateral proceedings. * * *"

It is further stated therein, "If the record shows that the questions were whether or not the property was homestead, or that the debts involved were chargeable against a homestead, then these issues, other requisites being present, are foreclosed, except upon direct attack upon justiciable grounds. * * * But if these questions do not appear to have been adjudicated, the con-

clusive presumption of their involvement and determination does not obtain, and the real facts may be shown in another forum."

When above quoted test is applied, it affirmatively appears that the homestead issue was raised and adjudicated in the former decrees and such issue had been foreclosed, and not subject to the collateral attack here urged by appellees. Sutton v. Lewis, Tex.Civ.App., 176 S.W.2d 765, w/r; Waterman Lumber & Supply Co. v. Robbins, Tex.Com.App., 206 S.W. 825; Floyd v. Watkins, 34 Tex.Civ.App. 3, 79 S.W. 612, 613, w/r; Dallas Joint Stock Land Bank v. Forsyth, 130 Tex. 563, 109 S.W.2d 1046; Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Carroll v. McLeod, supra; 25 T.J., Judgments, Secs. 319, 320, 321; Martin v. Robinson, supra.

In the claim presented for approval and allowance and in the petition filed on the rejected claim, the bank asserted that the debt constituted a valid and unsatisfied lien against the land; that it was a subsisting first lien and superior to any claim of the defendants. In the answer filed by the administratrix in the district court she specifically raised the issue that she was the surviving wife of S. H. Bell and that the south 200 acres of the 268 acre tract constituted the homestead of herself and the children, and that the district court had no jurisdiction over the question. In a supplemental petition the bank joined issues on such claims and denied that she was the wife or that any part of the tract was the homestead of S. H. Bell at any time.

In this stage of the proceedings in the district court a compromise of the issues was made. Whereupon to effect such settlement, she made application to the probate court as the administratrix, in which she stated that the litigation pending in the district court involved a secured claim and prayed that she be authorized to agree and consent to the entry of a judgment there establishing the claim and lien of the bank as against the tract, save and except the 25 acres out of its southeast corner.

The Harris County District Court judgment recites that pursuant to the agreement reached and the authority theretofore granted the administratrix by the Harrison County probate court to the entry of a judgment on the compromised terms, and after disposing of the claims of other parties, and the establishment of the debt, concludes that it is further ordered, considered, adjudged and decreed that plaintff, the Federal Land Bank of Houston, is the owner and holder of a valid and subsisting first lien, prior and superior to the right, title and interest of any and all the defendants herein in the 248 acre tract.

A homestead interest is an estate in land, Stewart v. Rockdale State Bank, Tex.Civ. App., 52 S.W.2d 915, and an adjudication of same involves the title to real estate. It is upon such theory that appellees invoke Art. 1982, R.C.S. of Texas, that requires: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties"; and cites Jones v. Gibbs, 133 Tex. 645, 130 S.W.2d 274; Cooley v. Miller, Tex.Com.App., 228 S.W. 1085; and Behrens v. Behrens, Tex.Civ.App., 186 S. W.2d 697. Appellees would be necessary parties to the former decree in the district court to bind them if Art. 1982 and the soundness of the holdings in above case were applied here. But Art. 3522, R.C.S. of Texas, provides: "When a claim for money against an estate has been rejected by the executor or administrator, either in whole or in part, the owner of such claim, may within ninety days after such rejection, and not thereafter, bring suit against the executor or administrator for the establishment thereof in any court having jurisdiction of the same." The statute is likewise applicable to claims secured by mortgages, liens and deeds of trust. Dalton v. Allen, Tex.Civ.App., 56 S.W.2d 205. The bank timely filed its suit in the district court against the administratrix, to establish its lien and debt after it had been rejected by the administratrix. In a review of its petition and prayer, the Galveston Court of Civil Appeals, Bell v. Federal Land Bank of Houston, 118 S.W.2d 1007, concluded the bank's suit was a foreclosure suit and not a title suit. Notwithstanding

the administratrix in her original answer put in issue the homestead question to which the bank in amended pleadings joined the issue, this intermediate court pursuant to the holdings by our Supreme Court concludes that the disposition of this point is controlled by Art. 3522, supra; Cuney v. Shaw, 56 Tex. 435; Howard v. Johnson, 69 Tex. 655, 7 S.W. 522; Flack v. Braman, 45 Tex.Civ.App., 473, 101 S.W. 537, w/r; Loden v. Burgess, Tex.Civ.App., 74 S.W.2d 304, w/r; George v. Ryon, Tex.Civ.App., 61 S.W. 138, 140; Jenkins v. Cain, Tex.Sup., 12 S.W. 1114; Union Bank & Trust Co. v. Smith, Tex.Civ.App., 166 S.W.2d 928, 930.

Art. 3430, R.C.S. of Texas, as amended in 1935, Vernon's Ann.Civ.St. art. 3430, provides: "When an executor or administrator deems it for the interest of the estate to purchase or exchange property, or to take any claims or property for the use and benefit of the estate in payment of any debt due or owing to the estate, or to compound bad or doubtful debts due or owing the estate, or to make compromises or settlements in relation to property or claims in dispute or litigation, *or to compromise or pay in full any secured claim which has been allowed and approved as required by law against the estate by conveying the real estate securing the payment of the claim to the holder thereof in full payment, liquidation and satisfaction of such claim and the cancellation of any and all notes, deeds of trust, mortgages or other liens evidencing or securing the payment of such claim,* he shall present an application in writing to the County Court representing the facts; and if the Court is satisfied that it will be to the interest of the estate to grant the same, an order shall be entered showing the authority granted. The executor or administrator may also release mortgages upon payment of the debt secured thereby."

Above portion indicated in our italics was enacted in 1935, subsequent to the date Bell executed the trust lien. This amendment is not subject to the vice discussed in Laubham v. Peoria Life Ins. Co., 129 Tex. 225, 102 S.W.2d 399, cited by appellees in support of their contention that the courts were not legally empowered to authorize and approve the compromised settlement of the claim. The rights granted the parties to compromise a disputed claim as provided in this statute is no impairment of a contract, for this statute does not increase the rights of the mortgagor, or his estate, at the expense of the creditor, or vice versa, unless all parties to the contract agree to the settlement and the court authorizes and approves the same. The probate court was clothed with the legal authority under Art. 3430 prior to its amendment or as amended to authorize and approve the settlement effected and the conveyance of the specific property in satisfaction of the claim which had been established under Art. 3515a, § 1, Subdiv. b, R.C.S. of Texas, enacted in 1931, Vernon's Ann.Civ.St. art. 3515a, § 1(b). This article with its amendment provided an additional remedy for disposing of secured probate claims upon the agreement of the administrator of the estate, the probate court and the mortgage creditor. The legislature has the undoubted power to change judicial methods and remedies for the enforcement of contracts so long as they do not impair, as here, the obligation of contracts. Langever v. Miller, 124 Tex. 80, 76 S.W.2d 1025, 1028, 96 A.L.R. 836.

The conclusion reached renders unnecessary a discussion of other points presented.

That part of the judgment which awarded Tucker a recovery against Emma Mae Bell Cole and husband is affirmed but in all other respects the judgment is reversed and the cause remanded with instructions to enter judgment for appellants pursuant to the conclusions above reached.

Affirmed in part and reversed and remanded in part with instructions.