TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00591-CV






Stuart Kortebein, Atimo Candel, Ronald Peters, Thaddeus Pierce, Melvyn Romanoff,


Fedor Bachman, William Baitinger, Charles Rhodes, Robert Babbin, Burton


Eisenberg, Jeannette Page, David Rozen, Richard Hirschtritt,


John Hoff, Martin Blumburt, et al., Appellants



v.



American Mutual Life Insurance Company, now known as AmerUs Life

Insurance Company, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 95-11315, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 Stuart Kortebein and forty-four other Illinois residents (1) were among more than
130,000 plaintiffs in a nationwide class-action suit filed in Texas against American Mutual Life
Insurance Company, now known as AmerUs Life Insurance Company (AmerUs), which resulted in
a court-approved settlement. Kortebein did not opt out of the class action and participated in the
settlement process; later, however, Kortebein sued AmerUs in Illinois asserting the same claims at
issue in the Texas class action and claiming that the settlement was fraudulent. AmerUs asked the
Texas district court to enforce its judgment by enjoining the Illinois residents from proceeding with
the Illinois suit. Kortebein responded by challenging the district court's jurisdiction through a
special appearance and arguing against AmerUs's request for the injunction. The district court
denied Kortebein's special appearance and permanently enjoined the Illinois residents from
proceeding with the suit against AmerUs in Illinois. Kortebein appeals that order, asserting that the
district court erred in denying the special appearance because that court lacked personal jurisdiction
over the Illinois residents, and that Kortebein is permitted by law to collaterally attack the class-action judgment in a forum of his choosing. We affirm the judgment of the district court.


FACTS

 In 1995 Bruce and Wendy Cozad filed a class-action lawsuit in Travis County district
court against AmerUs. The focus of the lawsuit, styled Cozad v. American Mutual Life Insurance
Company (the Cozad class action), involved sales of "vanishing premium" whole life insurance
policies by AmerUs. (2) The Cozads and Merle and Joann Baker, who later joined the Cozads as class
representatives, sought to represent a nationwide class composed of certain holders of insurance
policies issued by AmerUs or by Central Life Assurance Company. The Cozads, Bakers, and
AmerUs agreed to a settlement and asked the district court for preliminary certification of the class
and approval of the settlement agreement. The plaintiffs sought to have the class certified pursuant
to Texas Rule of Civil Procedure 42(b)(4), which enables class members to request exclusion from
the class. See Tex. R. Civ. P. 42(b)(4).

 On June 10, 1997, the district court provisionally certified the class and ordered the
class representatives to notify the class members of the settlement. The Cozad order contained a
finding by the district court that the class representatives had produced evidence that they would
fairly and adequately protect the interests of the class. The district court also stated that the class
representatives had produced evidence that showed that the settlement agreement was "negotiated
at arm's length by experienced counsel; that substantial discovery and investigation have been
conducted by Plaintiffs . . . that the settlement agreement is fair, adequate and reasonable, confers
substantial benefits on the Class Members, and is in the best interests of the class."

 In addition, the Cozad order defined several procedures that would be available to
class members, namely, the right to opt out or to object to certification and to the settlement. The
court-approved notice included extensive information regarding this relief. The notice alerted class
members that they had the right to opt out of the settlement class and that failure to do so would
release and waive all present and future claims they might have against AmerUs. The notice also
advised class members of the proposed settlement. Kortebein received this notice and did not opt
out of the class.

 On September 16, 1997, the district court signed a final judgment that both certified
the class and approved the settlement agreement between the class and AmerUs. The district court
entered findings that stated, "Plaintiffs . . . have and will fairly and adequately protect and represent
the interests of the class." The district court ordered AmerUs to mail a notice of approval of the
settlement and opportunity for relief to all class members who had not opted out. 

 This second court-approved notice contained information regarding the terms of the
settlement, which established a two-tiered system of basic relief and special relief. To qualify for
special relief, any class member could submit a claim that an AmerUs agent or representative made
certain material misrepresentations. The claim process required a claimant to complete a request and
a proof of claim. A claim review team would review the file and assign each claim to a level of
special relief or decide that the policy did not qualify for such relief. A claimant whose policy did
not qualify for special relief could submit the claim to an independent arbiter, whose decision was
binding and not subject to appeal "for any reason or to any forum." A class member who pursued
a claim for special relief forfeited the right to seek basic relief. Class members who did not submit
a policy to the claim process could obtain basic relief. In addition, the settlement provided that the
Texas district court would have exclusive jurisdiction over and venue of all claims related to or
arising from the settlement.

 Kortebein elected to forego basic relief by submitting claims for special relief. The
review team denied his claims. Kortebein then participated in the arbitration procedure; the
independent arbiter also denied the claims, stating that they did not meet the criteria for special relief. 
Kortebein subsequently filed suit in the circuit court in Cook County, Illinois, alleging that the notice
of the proposed settlement in the Cozad class action was misleading as to the particular requirements
necessary to qualify for special relief. Kortebein requested that the Illinois court allow him to
rescind his participation in the Cozad class action and be allowed to pursue his claims individually,
or in the alternative, that he be awarded the special relief he applied for under the Cozad settlement
agreement. He also requested compensatory and punitive damages against AmerUs.

 Kortebein attempted to file a second-amended complaint to add an allegation that the
class representatives in Cozad failed to adequately protect his interests; however, the Illinois court
never granted leave to file that complaint and subsequently dismissed the action. Kortebein attached
the complaint to his brief in support of his special appearance filed in the Texas district court. In it,
he argued that he relied on the fact that the class representatives had the duty to adequately represent
the class members at all times. According to the complaint, Kortebein opted to pursue special relief
in reliance both on the Cozads' duty and on the representations in the notice, thereby forfeiting his
right to basic relief. 

 In response to Kortebein's suit in Illinois, AmerUs filed a motion to enforce the class-action judgment in the Texas district court and asked that court to enjoin Kortebein from taking any
action relating to the subject matter of the final judgment in Cozad, except as provided in the
judgment in the Texas court. AmerUs contended that Kortebein was a member of the Cozad class
action, received notice of the proposed settlement, and elected not to opt out of the class. Further,
Kortebein elected to submit claims for special relief, all of which were denied by the review team
and by the independent arbiter. AmerUs asserted that Kortebein should have filed a bill of review
with the district court, as he was alleging that the judgment was obtained by fraud. (3) AmerUs claimed
that Kortebein instead made a collateral attack on the judgment despite having participated in the
settlement whereby he released all claims against AmerUs, and despite having agreed to the
exclusive jurisdiction of the Texas district court. Finally, AmerUs argued that Kortebein's lawsuit
in Illinois constituted interference with the Cozad class-action judgment, thus making it necessary
for the district court to exercise its inherent power to enforce its judgment by enjoining the suit in
Illinois.

 Kortebein, in response, filed a special appearance, objecting to the jurisdiction of the
court on the grounds that he did not have sufficient minimum contacts with, nor had he consented
to the jurisdiction, of the Texas courts. Further, he argued that the injunction should not be granted
because he was not bound by the district court's final judgment in the class action. The district court
rejected these claims, stating that it had inherent jurisdiction to enforce its judgment and Kortebein
was directly interfering with that judgment, and enjoined him from proceeding in Illinois.


DISCUSSION Kortebein asserts four points of error that raise the following two issues on appeal:
(1) whether the district court erred in denying the special appearance because it lacked jurisdiction
over the Illinois residents and (2) whether the district court erred in enjoining suit in Illinois because
Kortebein may collaterally attack a class-action judgment in a forum of his choosing. 

I. The Special Appearance

 Kortebein asserts that certain due-process protections, including adequate
representation, must be provided in class-action suits for a court to exercise jurisdiction over absent
plaintiffs in order to bind them to the class-action judgment. (4) He contends that the absent plaintiffs
in Cozad, including himself, were not adequately represented in the class action; therefore, the
district court lacked jurisdiction to bind him to the class-action judgment. The district court erred,
he maintains, in denying his special appearance in the hearing on AmerUs's motion to enforce the
class-action judgment.

 When in personam jurisdiction is challenged, we review all the evidence for factual
sufficiency. Smith v. Lanier, 998 S.W.2d 324, 330 (Tex. App.--Austin 1999, pet. denied). We may
reverse the decision of the district court only if its ruling is so against the great weight and
preponderance of the evidence as to be manifestly erroneous or unjust. Id.

 Kortebein relies on Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985), in which
the United States Supreme Court explained that the Due Process Clause of the Fourteenth
Amendment protects "persons" and not just "defendants," holding that minimal protections are
required to bind absent plaintiffs to a judgment in a class action. See id. at 811. The plaintiffs in
Phillips were royalty owners who possessed rights to the leases from which Phillips Petroleum
produced natural gas. Id. at 799. They brought a nationwide class action in Kansas state court
against Phillips, in which they sought to recover interest on royalty payments that Phillips had
delayed paying. Id. The plaintiffs recovered a judgment that was affirmed by the Kansas Supreme
Court. Id. Phillips argued to the United States Supreme Court, as it had to the state courts, that
Kansas did not have personal jurisdiction because the absent class members lacked minimum
contacts with Kansas as required by International Shoe Co. v. Washington, 326 U.S. 310 (1945). 
Phillips, 472 U.S. at 802.

 The Court, in International Shoe, set out the following test:


If the defendant possessed certain minimum contacts with the State, so that it was
"reasonable and just, according to our traditional conception of fair play and
substantial justice" for a State to exercise personal jurisdiction, the State could force
the defendant to defend himself in the forum, upon pain of default, and could bind
him to a judgment.



Id. at 807 (citing Int'l Shoe, 326 U.S. at 320). The Phillips Court emphasized that the purpose of
the test is to avoid subjecting a defendant to the burden of "defending in a distant forum, unless [his]
contacts with the forum make it just to force him to defend there." Id. Absent class-action plaintiffs,
however, are subjected to fewer burdens; (5) therefore, the Due Process Clause "need not and does not
afford [absent class-action plaintiffs] as much protection from state-court jurisdiction." Id. at 811. 
The Court held that a state may exercise jurisdiction over absent class-action plaintiffs as long as
minimal procedural due process protection is provided, even though the class-action plaintiffs may
not possess minimum contacts with the forum. Id. In so holding, the Court noted that it had
previously recognized the unique position of absent class-action plaintiffs in Hansberry v. Lee, 311
U.S. 32, 40-41 (1940), in which the Court "explained that a 'class' or 'representative' suit was an
exception to the rule that one could not be bound by judgment in personam unless one was made
fully a party in the traditional sense." Phillips, 472 U.S. at 808. In Hansberry, the Court concluded
that class-action plaintiffs would be bound by the judgment only if they were adequately represented
and the prosecution of the litigation was within the common interest of the class. Hansberry, 311
U.S. at 41. 

 The Phillips Court defined the requisites of minimal due-process protection as "notice
plus an opportunity to be heard and participate in the litigation, whether in person or through
counsel." Phillips, 472 U.S. at 812. The notice must be "the best practicable, 'reasonably
calculated, under all the circumstances, to apprise interested parties of the pendency of the action and
afford them an opportunity to present their objections,'" and it must permit interested parties to opt
out of the litigation. Id. Lastly, the class representative must adequately represent the absent class
members' interests at all times. Id. In Phillips, the Court expressly pointed to the holdings of the
Kansas trial court and supreme court that the class had received adequate representation in
determining that due process was satisfied. Id. at 814.

 Kortebein claims that the requirement of adequate representation was not met in the
underlying Cozad class action. He contends that the class representatives in Cozad did not
adequately represent his interests because the class representatives agreed to a settlement that was
"unfair and inconsiderate of [Kortebein's] interests." The record reveals, however, that all of the
requisites identified by the United States Supreme Court were satisfied in the Cozad lawsuit. First,
the district court found that the class representatives adequately represented the absent class
members, initially in the preliminary order certifying the class and approving the settlement, and
subsequently, in the final judgment. Kortebein admits being apprised of these findings. Second,
notice provided pursuant to the preliminary order gave interested parties the opportunity to either
exclude themselves from the class or to object to certification. Interested parties were notified that
failure to opt out of the settlement class released and waived all their present and future claims
against AmerUs. Kortebein did not opt out. Third, the second notice outlining the procedures for
settlement explained that pursuing special relief forfeited the right to seek basic relief. This notice
also provided that the Texas district court had exclusive jurisdiction over all claims related to or
arising from the settlement. With this knowledge, Kortebein sought special relief and participated
in the arbitration procedures after the claim review team denied special relief. We hold that the
evidence demonstrates that the minimal due process requirements mandated by Phillips were
provided to Kortebein and the class-action judgment is binding on him. The district court's denial
of Kortebein's special appearance is not against the great weight and preponderance of the evidence.

 Kortebein asserts, however, that this case is similar to In re Real Estate Title &
Settlement Services Antitrust Litigation, 869 F.2d 760 (3d Cir. 1989), in which the Third Circuit held
that absent class members had not consented to personal jurisdiction in Pennsylvania state court and,
therefore, were not bound by the class-action judgment. See id. at 771. In In re Real Estate, two
Arizona school boards moved to opt out of a class-action suit filed in Pennsylvania challenging price
fixing by title insurance companies. The Pennsylvania district court refused to allow them to opt out. 
Id. at 762. As a result, the Third Circuit held that the school boards' participation in the class action
was against their wishes. Id. While the class action was pending in Pennsylvania, the Arizona
attorney general filed suit in Arizona state court, asserting the same claims raised in the Pennsylvania
class action. In response, the Pennsylvania state court granted the title insurance companies' motion
to enjoin the suit in Arizona. Arizona's attorney general appealed that injunction to the Third
Circuit, contending that the Pennsylvania court lacked jurisdiction over the Arizona school boards
in the class action, and therefore could not enjoin the Arizona suit. The Third Circuit agreed,
holding that "if the member has not been given the opportunity to opt out in a class action involving
both important injunctive relief and damage claims, the member must either have minimum contacts
with the forum or consent to jurisdiction." Id. at 769.

 The present case is distinguishable from In re Real Estate. (6) Here, unlike the Arizona
school boards, Kortebein was given the opportunity to opt out, but he chose not to exercise that
option. Kortebein had notice that his failure to opt out would waive current and future claims he
might have against AmerUs, that participation in the procedure seeking special relief waived any
right to basic relief, and that any actions arising out of the settlement process were subject to the
exclusive jurisdiction of the Texas court. Despite this notice, Kortebein participated in the class
action and settlement process. Kortebein's participation in the settlement process and arbitration,
knowing that such participation subjected him to exclusive jurisdiction in Texas, provided the
necessary minimum contacts with this forum and consent to jurisdiction in Texas. See Grimes v.
Vitalink Communications Corp., 17 F.3d 1553, 1559-60 (3d Cir. 1994) (holding that by surrendering
shares in response to a tender offer with knowledge of his status as a plaintiff class member, plaintiff
submitted to the jurisdiction of the court rendering the class-action judgment).

 We find, moreover, that Kortebein was afforded the minimum due-process
protections required to bind absent class members to a class-action judgment, and that the final
judgment in the class action was binding on Kortebein. The Texas district court, therefore, had
jurisdiction to grant the motion to enforce judgment and properly denied the special appearance. We
overrule Kortebein's first three points of error.


II. The Collateral Attack

 Kortebein, again relying on In re Real Estate, asserts that he may collaterally attack
the class-action judgment in a forum of his choice. In that case, the Third Circuit explained that
"collateral attacks have been considered to be a necessary part of the class action scheme." In re
Real Estate, 869 F.2d at 769. In fact, the federal court stated that "the fact that some plaintiffs will
be able to extricate themselves from class action judgments if subsequent courts find them to be
inadequately represented is integral to the constitutionality of the class action procedure." Id.

 A collateral attack is an attempt to avoid the effect of a judgment in a proceeding
brought for some other purpose. Ranger Ins. Co. v. Rogers, 530 S.W.2d 162, 167 (Tex. Civ.
App.--Austin 1975, writ ref'd n.r.e.). A direct attack on a judgment, conversely, is an attempt to
change that judgment in a proceeding brought for that specific purpose, such as an appeal or a bill
of review. Id. The grounds upon which a collateral attack may be successful are that the court
rendering judgment has (1) no jurisdiction of the person of a party, or his property, (2) no jurisdiction
of the subject matter of the suit, (3) no jurisdiction to enter the particular judgment entered, or (4)
no capacity to act as a court. Id. A judgment adjudicating the claims of a person over whom the
court had no jurisdiction is void and thus, subject to collateral attack. Browning v. Placke, 698
S.W.2d 362, 363 (Tex. 1985). The record must affirmatively show that a court's jurisdiction did not
attach in a particular case. Tucker v. Cole, 215 S.W.2d 252, 255 (Tex. Civ. App.--Texarkana 1948,
writ ref'd n.r.e.).

 The collateral attack in In re Real Estate was appropriate because the Pennsylvania
state court failed to afford the Arizona school boards the minimal protection necessary to bind absent
class members: it forced the Arizona school boards to participate in the class action against their
wishes. A collateral attack in the present case, however, is inappropriate because we have already
held that the district court in Cozad afforded minimal protection to absent class members and thus
had jurisdiction to issue a binding judgment on Kortebein. Consequently, that judgment may not be
collaterally attacked in another forum. See Browning, 698 S.W.2d at 363.

 Even if we agreed with Kortebein's suggestion that he may collaterally attack the
judgment based solely on allegations of inadequate representation, the facts in the record direct us
against such a course of action. See Tucker, 215 S.W.2d at 255. In general, the certifying court is
charged with protecting the interests of absent class members. Epstein v. MCA, Inc., 179 F.3d 641,
648 (9th Cir. 1999) (citing Phillips, 472 U.S. at 809) (on remand from the United States Supreme
Court). Absent class members' due-process right to adequate representation is protected by the
adoption of appropriate procedures by the certifying court and by appeal within the state system and
by direct review in the United States Supreme Court. Id. Due process does not require collateral
second-guessing of those determinations and that review. Id. In the instant case, the district court
twice determined that the class representatives provided adequate representation to the absent class
members. Kortebein did not appeal these findings nor did he file a bill of review. Instead, he
voluntarily participated in the settlement process. The district court in Cozad took appropriate
measures to ensure adequate representation and Kortebein's actions support this conclusion. In fact,
when Kortebein initially sued in Illinois, he did not assert inadequate representation. This complaint
did not arise until AmerUs asked the Texas district court to enforce its judgment.

 Every court with jurisdiction to render a judgment has the inherent power to enforce
its judgments. Arndt v. Farris, 633 S.W.2d 497, 499 (Tex. 1982). In addition, a court may exercise
this inherent power by any suitable method, id. at 499, which includes the issuance of a writ of
injunction on proceeding in another court with a suit that would delay, obstruct, or interfere with the
proper enforcement of a judgment. Hunt Prod. Co. v. Burrage, 104 S.W.2d 84, 87 (Tex. Civ.
App.--Dallas 1937, writ dism'd w.o.j.). Because the district court in Cozad afforded the required
minimal protection to absent class members, it acquired jurisdiction over Kortebein. The class-action judgment is binding on Kortebein and he may not collaterally attack that judgment elsewhere. 
The district court properly enjoined the suit in Illinois collaterally attacking the Texas class-action
judgment. We overrule Kortebein's fourth point of error.


CONCLUSION

 We hold that the district court acquired jurisdiction over the Illinois class members
and properly denied Kortebein's special appearance. Likewise the district court properly enforced
the Texas class-action judgment by enjoining the suit in Illinois to collaterally attack that judgment. 
We therefore affirm the trial court's judgment in all regards.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: May 10, 2001

Publish

1. For ease of reference, we will refer to appellants collectively as Kortebein, or when
appropriate, as the Illinois residents.
2. A vanishing premium policy is one in which the holder pays premiums out-of-pocket for a
limited period of time; thereafter, premiums are paid using the policy dividends and other policy
values, and the policyowner's out-of-pocket premium obligations "vanish." The policy is
distinguishable from policies where the holder pays premiums until he or she reaches 65 years of age
or for the life of the policy. According to the class-action plaintiffs, AmerUs misrepresented that
after a certain number of premium payments, the policies would be fully funded, with no further
obligation to pay additional premiums; the policies would, effectively, "pay for themselves." The
class-action plaintiffs alleged that, contrary to AmerUs's representations, policyholders were
expected to make additional premium payments to keep the policies in effect. Plaintiffs maintained
that AmerUs failed to disclose information that would have alerted them to the possibility that
additional premiums would be required. Plaintiffs alleged breach of contract, negligence, fraud,
negligent misrepresentation, unjust enrichment, violations of the Deceptive Trade Practices Act and
Texas Insurance Code, breach of fiduciary duty, and constructive fraud.
3. See Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985) (filing bill of review in district
court is appropriate avenue to attack judgment as void when time for direct attack by appeal has
elapsed).
4. The Illinois residents were among the absent plaintiffs in the Cozad class action.
5. The Phillips Court explained that "[u]nlike a defendant in a normal civil suit, an absent class-action plaintiff is not required to do anything." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 810
(1985). Class-action plaintiffs need not hire counsel or appear in court. Id. "They are almost never
subject to counterclaims or cross-claims, or liability for fees or costs." Id. They are not subject to
coercive or punitive remedies. Id. They are not bound to pay any damages, although a valid
judgment may extinguish claims that were litigated in the class action. Id.
6. For the same reasons, the present case is distinguishable from Brown v. Ticor Title Insurance
Co., 982 F.2d 386 (9th Cir. 1992), also cited by Kortebein. Brown involved the same class action
as in In re Real Estate, in which the plaintiffs were denied the opportunity to opt out of the class. 
Id. at 392. In addition, Gonzales v. Cassidy, 474 F.2d 67 (5th Cir. 1973), is not relevant but for
different reasons. In that case, the class-action judgment applied relief retrospectively to the named
class representative, but prospectively as to all other class members. Id. at 76. The class
representative's "failure to prosecute an appeal on behalf of the other members of his class rendered
his representation of them inadequate." Id. at 75. Inadequate representation was apparent on the
face of the class-action judgment in Gonzales, whereas here, the district court twice found the class
members were adequately represented and no due-process deficiency is apparent on the face of the
judgment.


ebein's fourth point of error.


CONCLUSION

 We hold that the district court acquired jurisdiction over the Illinois class members
and properly denied Kortebein's special appearance. Likewise the district court properly enforced
the Texas class-action judgment by enjoining the suit in Illinois to collaterally attack that judgment. 
We therefore a